UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN LEE SELDEN,

    Petitioner,

v.        Case No.  8:10-cv-2259-T-33EAJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## ORDER

This cause is before the Court on Petitioner Glenn Lee Selden's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus.  Selden challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be dismissed as untimely.  In addition, Selden's claims have no merit.

## BACKGROUND

On August 20, 2007, Selden pled guilty to armed burglary of a dwelling and six counts of grand theft as charged in case no. 06-7139. Adjudicated guilty pursuant to his plea terms, Selden was sentenced on the armed burglary charge to 15 years incarceration with a 10-year minimum mandatory prison term, followed by five years probation. On the remaining counts, Selden was sentenced to five-year prison terms. (Resp. Ex. 1). The sentences ran concurrently with each other.

Selden did not timely appeal his plea-based judgment in case no. 06-7139. On October 25, 2007, Selden filed a motion to mitigate his sentence, which the state trial court denied on October 30, 2007. (See case docket, Resp. Ex. 2).

Selden filed a pro se petition dated December 3, 2007, in which he sought permission to pursue a belated direct appeal. (Resp. Ex. 3). His petition, although styled in the state district court of appeal, was improperly filed in the state trial court. Subsequent to receipt of the petition from the state trial court, the state district court of appeal obtained a response from the State and then directed the appointment of a commissioner to take testimony on Selden's allegation that he requested his counsel to file a timely appeal. After securing the commissioner's findings, the state district court of appeal denied Selden's belated appeal petition on September 24, 2008. *Selden v. State*, 991 So. 2d 868 (Fla. 2d DCA 2008)[table].

Selden filed a pro se petition for writ of habeas corpus dated February 28, 2009, in the Circuit Court for the Seventh Judicial Circuit, Volusia County. (Resp. Ex. 11). The petition was denied on March 26, 2009. (Resp. Ex. 12). Selden appealed, and on September 29, 2009, the state district court of appeal per curiam affirmed the denial of relief in case no. 5D09-1410. *Selden v. State*, 18 So. 3d 546 (Fla. 5th DCA 2009)[table].

Selden improperly sought review of the per curiam decision in the Florida Supreme Court. The Florida Supreme Court dismissed Selden's petition for review in case no. SC09-1985 on October 23, 2009. *Selden v. State*, 22 So. 3d 68 (Fla. 2009)[table].

On April 28, 2010, Selden filed a pro se petition for writ of habeas corpus in the Florida Supreme Court in case no. SC10-824. On June 18, 2010, the petition was transferred to the state trial court for consideration as a Rule 3.850 or Rule 3.800(a) motion

for postconviction relief. His motion for rehearing was stricken as untimely. Nothing in the record indicates that subsequent to transfer, the state court entered an order on the construed motion for relief.

## PRESENT PETITION IS TIME-BARRED

Selden filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Florida dated September 7, 2010. The petition was transferred to this Court. (Docs. 2, 7). After Respondent was ordered to respond (Doc. 9), Selden sought a certificate of appealability, which was denied as premature. (Docs. 10, 11).

Selden's present 28 U.S.C. § 2254 petition dated September 7, 2010, is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a one-year statute of limitations for federal habeas corpus actions, 28 U.S.C. § 2244(d)(1). Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Selden's AEDPA limitations period for attacking his judgment in case no. 06-7139 runs from the date the case became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Selden's judgment became final on Wednesday, September 19, 2007, upon expiration of the time for appealing his judgment rendered August 20, 2007. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996)(treating judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988)(same).

Thereafter, Selden allowed more than a year to elapse in which he did not have an application pending in state court which would toll his AEDPA limitations period under 28 U.S.C. § 2244(d)(2). Selden's motion to mitigate his sentence may qualify as a tolling motion under *Wall v. Kholi*, 2011 WL 767700 (2011) (abrogating *Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008)). However, the tolling period was only 5 days.

Although Selden filed his pro se petition seeking a belated postconviction appeal less than a year after finality of his judgment, the belated appeal petition does not constitute a state application for postconviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2). In Florida, a belated appeal petition is not part of the "ordinary" direct or collateral review process of a conviction or sentence. According to Rule 9.141(c)(1), Florida Rules of Appellate Procedure, petitions seeking a belated appeal are "treated as original proceedings under Rule 9.100. Such a proceeding does not entail direct or collateral review of a judgment of conviction or sentence. The normal and ordinary collateral review process of a judgment contemplates a timely notice of appeal from the rendered order.  A Florida defendant does not have the option of applying for a belated appeal as a alternative to filing a timely notice of appeal.  The granting of a petition for a belated appeal – and not the application for such an out-of-time review -- is the event that triggers appellate review.

No review of Selden's judgment was undertaken during the period of time his belated appeal petition was pending. It is consistent with the Florida court's treatment of Selden's belated appeal petition to conclude that the petition does not qualify as an application for state postconviction or other collateral review within the meaning of the

AEDPA's tolling statute. *See Grove v. Secretary*, 2009 WL 179626 (M.D. 2009)(unpublished)(similarly reasoning and concluding petitioner's belated appeal petition did not qualify as a statutory tolling application within the meaning of § 2244(d)(2)).

Moreover, Selden's belated appeal petition was improperly filed in the state trial court. Florida rules specify that a petition for belated appeal in a postconviction proceeding should be filed "in the appellate court to which the appeal should have been taken," not the trial court. *See McMillan v. Sec'y Dept. of Corr.* 257 Fed. Appx. 249, 250 (11th Cir. 2007), (citing Fla.R.App.P. 9.141(c)(2)). Because Selden improperly filed his belated appeal petition in the state trial court, the petition did not toll the AEDPA limitations period while the petition was pending in that "wrong court," and there was no tolling prior to the petition's being filed in the state district court of appeal. Furthermore, the refiling of Selden's belated appeal petition in the second district court of appeal did not toll the one-year limitations period because a request for out-of-time appeal is not a tolling application under § 2244(d)(2).

In *Jimenez v. Quarterman*, 555 U.S. 113, ---, 129 S.Ct. 681, 685 (2009), the Supreme Court concluded that direct review cannot conclude for purposes of § 2244(d)(1)(A) until the "availability of direct appeal to the state courts" is exhausted. "[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 129 S.Ct. at 686. However, the state district court of appeal denied Selden's petition for belated direct appeal. Therefore, none of the time the motion for belated appeal was pending tolled the one-year limitations period.

Moreover, none of the time Selden's pro se petition for writ of habeas corpus dated February 28, 2009, filed in the Seventh Judicial Circuit, Volusia County, was statutorily tolled. That petition, which challenged matters underlying Selden's charges, was improperly filed because the circuit court where he filed his petition had no jurisdiction to review the legality of a conviction from another circuit. *See Calloway v. State*, 699 So. 2d 849, 850 (Fla. 3d DCA 1997)" '[A] circuit court has no jurisdiction to review the legality of a conviction in another circuit ...." quoting *State v. Broom*, 523 So.2d 639, 641 (Fla. 2d DCA 1988)); *see also Johnson v. State*, 947 So. 2d 1192, 1192-93 (Fla. 3d DCA 2007), and *Leichtman v. Singletary*, 674 So. 2d 889, 891 (Fla. 4th DCA 1996).

However, in *Thompson v. Sec'y, Dept. of Corr.*, 595 F.3d 1233, 1237 (11th Cir. 2010), the Eleventh Circuit rejected the state's contention that a petition was not properly filed for purposes of § 2244(d) because the petition was filed in the county where the petitioner was detained rather than where he was sentenced. This Court need not, however, resolve whether the 2009 state petition filed by Selden qualifies as a "properly filed" application for tolling purposes because it had no practical tolling effect; by the time Selden filed his habeas corpus petition in the circuit court in Volusia County, his AEDPA limitations period had expired. Once the limitations period expires, no state collateral proceedings filed thereafter will toll the statute of limitations "because there is no period remaining to be tolled." *Scarlett v. Sec'y, Dept. Of Corr.*, 2010 WL 4948730 (11th Cir. 2010) (citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)). This applies as well to Selden's ensuing applications for collateral relief,[1] and includes his pro se habeas corpus

---

[1] Selden's notice to invoke the discretionary jurisdiction of the Florida Supreme Court was not "properly filed" within the meaning of the tolling statute because jurisdiction did not lie to review the silent affirmance of the Fifth District. *See Reighn v. McNeil*, 2009 WL 3644805 at *4, n. 2 (N.D. Fla., Oct. 30,

petitions filed in the Florida Supreme Court, which were transferred to the state trial court.

## Equitable Tolling Not Applicable

The Supreme Court has held that the AEDPA's statutory limitations period set forth in § 2244(d) may be equitably tolled in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2552 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." 130 S.Ct. at 2553. The decision as to whether to exercise the "court's equity powers ... must be made on a case- by-case basis." *Id.*

Selden does not demonstrate that he exercised "reasonable diligence" to warrant equitable tolling. *See Holland*, 130 S.Ct. at 2565. He tarried unnecessarily in filing his federal petition after his belated appeal petition was denied.

Selden does not allege any extraordinary circumstance that would have prevented his timely filing his federal petition. Not overcoming the high hurdle of the requisite diligence and not showing that extraordinary circumstances prevented a timely filing, Selden fails to present a justifiable reason to avoid the preclusive effect of the one- year limitations period. The petition is time-barred pursuant to 28 U.S.C. § 2244(d).

---

2009)(unpublished)(petitioner's notice to invoke the discretionary review jurisdiction of the Florida Supreme Court was not a "properly filed" application for state post-conviction relief in that Petitioner sought review of a per curiam affirmance without written opinion from denial of Rule 3.850 motion); *Wright v. McNeil*, 2009 WL 1058733 at *2, n.5 (N.D. Fla., Apr. 20, 2009)(unpublished) (petitioner's notice to invoke the discretionary jurisdiction of the Florida Supreme Court from a per curiam affirmance of a rule 3.850 denial, where Florida Supreme Court dismissed petition for lack of jurisdiction, citing *Jenkins v. State*, 385 So.2d 1356 (Fla. 1980), did not toll statute of limitations); *Wilson v. Crosby*, 2006 WL 3219602 at *6 (N.D. Fla., Nov. 3, 2006) (unpublished)(prisoner's notice to invoke discretionary jurisdiction of Florida Supreme Court to review per curiam decision on direct appeal did not toll the limitations period under § 2244(d)(2)); *Grove v. Secretary*, 2009 WL 179626 at *4 (M.D. Fla., Jan. 26, 2009) (unpublished) (same concerning notice to invoke discretionary jurisdiction of Florida Supreme Court to review denial of postconviction relief); *Figueras v. Florida,* 2008 WL 2856747 *5 (M.D. Fla., July 22, 2008) (unpublished).

**MERITS**

GROUNDS WAIVED BY ENTRY OF PLEA

Ground One

Selden claims his arrest was the result of "federal entrapment." (Doc. 2 at 4). In his supporting facts, he asserts his computer was stolen and a federal agent told him where it was located. According to Selden, when he went to get the computer, he was arrested for burglary. He also makes an indecipherable assertion about diplomatic immunity.

Ground Two

Selden alleges "surety bond infringement by forgery noted in court docket entries 8-14-05." (Doc. 2 at 4). In his supporting facts, Selden indicates he had to file a request under the Freedom of Information Act to obtain information from the Florida Department of Law Enforcement.  He also indicates he did not have private counsel in his state cases. Selden adds an assertion that he would be released if "I submit to do illegal porno..." Id.

Ground Three

Selden titles ground three "holding as hostage" and refers to 18 U.S.C. § 1204. In his supporting facts, Selden indicates he would be released only if he would "submit to illegal porno..." (Doc. 2 at 5). He claims he did not want to get involved and again refers to federal entrapment.

**DISCUSSION**

Even if Selden could surmount 28 U.S.C. § 2244(d)'s time limitation, he is not entitled to habeas corpus relief on the merits of his claims. In his three grounds, Selden raises non-jurisdictional, antecedent matters that were waived by entry of his voluntary guilty plea.

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel, to raise a defense, and to confront his accusers. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969).

Not one of Selden's three grounds relates to the voluntariness of his plea. He relinquished his right to challenge the state's proof of his guilt and raise any defenses by entry of his voluntary and intelligent guilty pleas. As a result, he waived each of his grounds. *Tollett*, supra.

Even if his grounds were not waived by the entry of the plea, Selden would not be entitled to habeas corpus review because his grounds were not fairly presented in state court and are procedurally barred. Selden raised some of his allegations in a habeas petition filed in the Seventh Judicial Circuit, Volusia County. Nonetheless, the grounds are unexhausted and procedurally barred because Selden failed to preserve and then raise the constitutional dimension of his grounds on direct appeal.

"Exhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  A petitioner must present the claims in the procedurally correct manner according to state procedure. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

Selden did not fairly present his grounds to the state trial and appellate courts

pursuant to state procedural requirements. Under Florida law, a defendant who pleads guilty or nolo contendere without preserving the right to contest court rulings that preceded the plea in the criminal process may appeal only issues that occur contemporaneously with entry of the plea. *Robinson v. State*, 373 So. 2d 898 (Fla. 1979).[2] Selden pled guilty unconditionally, and he did not challenge the voluntariness of his plea in a timely motion to withdraw his plea. *See Robinson v. State*, 373 So. 2d at 902 ("[A]n appeal from a guilty plea should never be a substitute for a motion to withdraw a plea .... issues concerning the voluntary or intelligent character of the plea ... should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea."). Not preserving a constitutional claim regarding the underlying facts of his case, the actions of law enforcement, and/or his pretrial detention for review, Selden deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Selden is barred from raising his grounds in a Rule 3.850 motion. In Florida, claims that could have been or should have been preserved and then raised on direct appeal and were not are procedurally barred. *See Green v. State*, 975 So.2d 1090 (Fla. 2008) (A claim that could and should have been raised on direct appeal is procedurally barred; proceedings under Rule 3.850 are not to be used as a second appeal); *Torres Arboleda*

---

[2] In such circumstances, only the following issues are appealable: 1) the subject matter jurisdiction; 2) the illegality of the sentence; 3) the failure of the government to abide by the plea agreement; and, 4) the voluntary and intelligent character of the plea. *Robinson v. State*, 373 So. 2d at 902. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue must first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. *Id.* An issue is preserved for appeal on a nolo contendere plea only if it is dispositive of the case. *Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979); *State v. Carr*, 438 So. 2d 826, 828 (Fla. 1983).

*v. Dugger*, 636 So.2d 1321, 1323 (Fla. 1994) (same). This circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.), *cert. denied*, 464 U.S. 922 (1983).

Selden improperly sought collateral review of his judgment in a state circuit court that did not render the judgment. The unelaborated denial was followed by a silent affirmance. It cannot be presumed that the Florida courts ignored the state's procedural rules foreclosing collateral review of issues available for direct appeal, as well as its rules governing the proper court for challenging a conviction. This Court will not presume that a Florida court ignores its own procedural rules when the state court issues only a one-sentence denial of relief which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson,* 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *see also, Brown v. McNeil*, 2009 WL 1227820 (S.D. Fla. 2009)(unpublished)( "... while the identical claim presented in this federal petition was raised in his state petition for writ of habeas corpus, a petition for writ of habeas corpus filed in the state courts is an inappropriate procedural vehicle to raise a claim that could have more appropriately been raised on direct appeal or in a postconviction motion pursuant to Fla.R.Crim.P. 3.850..." *citing Patterson v. State*, 664 So. 2d 31 (Fla. 4th DCA 1995) (holding that habeas corpus is not a vehicle for obtaining additional appeals on issues which were raised or should have been raised on appeal or could have been challenged pursuant to Fla.R.Crim.P. 3.850); *Stewart v. Crosby*, 880 So. 2d 529, 531 (Fla. 2004)(holding that habeas petition was improper vehicle for petitioner's claims of ineffective

11

assistance of counsel where such claims presented procedural variants of claims addressed and rejected in petitioner's previous motion for postconviction relief).

Any present attempt by Selden to raise his grounds in a Rule 3.850 motion is foreclosed by the two-year limit of Rule 3.850. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834 (1990). Federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or can establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Cause must ordinarily be something external to the defense, *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted). Selden has not presented cause in state court to excuse his defaults. Any cause allegation is itself procedurally barred by the two-year limitation of Rule 3.850. Not demonstrating cause, Selden cannot avoid his default, as the cause and prejudice components are in the conjunctive, and thus, both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982).

Selden does not allege and show actual prejudice from the alleged errors. *Wainwright v. Sykes, supra*. Nor does he show that a fundamental miscarriage of justice will occur if this Court does not reach the merits of his grounds. He has no new and reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)("'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial.")

Further and alternatively, Selden's grounds are conclusory, and his factual assertions are vague and conclusory. Vague and conclusory claims failing to state facts that would show an entitlement to relief can be dismissed without further effort on the part of this Court. *See Blackledge v. Allison*, 431 U.S. 63 (1977).

### Selden Does not Allege a Cognizable Ground for Relief

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983)(citing *Engle v. Isaac*, 457 U.S. 1141 (1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Selden's grounds fail to present an identifiable constitutional claim for which federal habeas relief would lie.

In addition, Selden's petition is governed by the highly deferential standards of the AEDPA. Selden does not meet his burden of showing that the state decision was contrary to or an unreasonable application of federal law as clearly established by the Supreme

Court or that the decision involved an reasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(d)(1) & (2).

Accordingly, the Court orders:

That Selden's petition is denied. The Clerk is directed to enter judgment against Selden and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 22, 2011.

<u>                                        </u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Glenn Lee Selden